No. _____

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

DAVID STARR, BERNADETTE MAVRIKOS, EDMUND QUIAMBAO, JAMES TETTENHORST, JEREMY HANSEN, KRISTA KARO, ARLENE REED-COSSAIRT, PETER STAVROS, HEATHER FARKAS, on behalf of themselves and all others similarly situated,
*Plaintiffs-Respondents*,

v.

VSL PHARMACEUTICALS, INC., LEADIANT BIOSCIENCES INC., ALFASIGMA USA, INC.,
*Defendants-Petitioners*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

## DEFENDANTS' PETITION FOR PERMISSION TO APPEAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(f)

Lydia Ferrarese
Mark A. Weissman
OFFIT KURMAN PA
590 Madison Avenue, 6th Floor
New York, New York 10022
Telephone: (212) 545-1900

Eric Pelletier
OFFIT KURMAN PA
7501 Wisconsin Ave Suite 1000W
Bethesda, Maryland 20814
Telephone: (240) 507-1700

Andrew Soukup
Sarah Harrington
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-6000

*Counsel for Alfasigma USA, Inc.*

*[Additional Counsel Listed Inside Cover]*

Turner A. Broughton
WILLIAMS MULLEN
200 South 10th Street (23219)
P.O. Box 1320
Richmond, VA  23218-1320
Telephone: (804) 420-6000

*Counsel for VSL Pharmaceuticals, Inc.*

John H. Beisner
SKADDEN ARPS SLATE MEAGHER AND
  FLOM LLP
1440 New York Ave., NW
Washington, DC 20005
Telephone: (202) 371-7000

Zachary W. Martin
SKADDEN ARPS SLATE MEAGHER AND
  FLOM LLP
500 Boylston St.
Boston, MA 02116
Telephone: (617) 573-4800

*Counsel for Leadiant BioSciences, Inc.*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................1

QUESTIONS PRESENTED.......................................................4

BACKGROUND ........................................................................4

REASONS FOR GRANTING THE PETITION ......................7

I.    The District Court's Predominance Ruling Contains Multiple Fundamental Errors. .......................................................8

    A.    The District Court Ignored Individualized Issues of Causation............9

    B.    The District Court Wrongly Certified a Class ███████████ ██████████, an Approach This Court Has Never Endorsed. ........................................................14

    C.    The District Court Ignored Other Individualized Issues Related to Injury. ..........................................19

II.   The Remaining Factors Also Favor Review Now........................21

CONCLUSION .......................................................................23

CERTIFICATE OF COMPLIANCE......................................26

CERTIFICATE OF SERVICE ..............................................27

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alig v. Rocket Mortg., LLC,*
No. 22-2289, 2025 WL 271563 (4th Cir. Jan. 23, 2025) ...................2, 14, 16, 20

*Amchem Prods., Inc. v. Windsor,*
521 U.S. 591 (1997).............................................................................................8

*AT&T Mobility LLC v. Concepcion,*
563 U.S. 333 (2011).............................................................................................7

*Blough v. Shea Homes, Inc.,*
2014 WL 3694231 (W.D. Wash. July 23, 2014)..............................................12

*Bridge v. Phoenix Bond & Indem. Co.,*
553 U.S. 639 (2008)...........................................................................................10

*Comcast Corp. v. Behrend,*
569 U.S. 27 (2013).........................................................................................8, 17

*Epic Sys. Corp. v. Lewis,*
138 S. Ct. 1612 (2018)....................................................................................7, 22

*EQT Prod. Co. v. Adair,*
764 F.3d 347 (4th Cir. 2014) ...........................................7, 8, 9, 17, 18

*Gunnells v. Healthplan Servs., Inc.,*
348 F.3d 417 (4th Cir. 2003) ......................................................................10, 20

*Halliburton Co. v. Erica P. John Fund, Inc.,*
573 U.S. 258 (2014)...........................................................................................12

*Holmes v. Sec. Inv. Prot. Corp.,*
503 U.S. 258 (1992).............................................................................................9

*Hudock v. LG Elecs. U.S.A., Inc.,*
12 F.4th 773 (8th Cir. 2021) ............................................................................13

*Lienhart v. Dryvit Sys., Inc.,*
255 F.3d 138 (4th Cir. 2001) ........................................................1, 8, 14, 19

ii

*Lytle v. Nutramax Lab'ys, Inc.*,
    114 F.4th 1011 (9th Cir. 2024) ..........................................................................19

*Marcus v. BMW of N. Am., LLC*,
    687 F.3d 583 (3d Cir. 2012) ...............................................................................9

*Oliveira v. Amoco Oil Co.*,
    776 N.E.2d 151 (Ill. 2002) .................................................................................16

*Overstreet v. Norden Lab'ys, Inc.*,
    669 F.2d 1286 (6th Cir. 1982) ...........................................................................10

*Parko v. Shell Oil Co.*,
    739 F.3d 1083 (7th Cir. 2014) ...........................................................................17

*Pershouse v. L.L. Bean, Inc.*,
    368 F. Supp. 3d 185 (D. Mass. 2019) ................................................................10

*Poulos v. Caesars World, Inc.*,
    379 F.3d 654 (9th Cir. 2004) ..........................................................................9, 12

*Prado-Steiman ex rel. Prado v. Bush*,
    221 F.3d 1266 (11th Cir. 2000) .........................................................................22

*In re Rail Freight Fuel Surcharge Antitrust Litig.-MDL No. 1869*,
    725 F.3d 244 (D.C. Cir. 2013) ...........................................................................18

*Rule v. Fort Dodge Animal Health, Inc.*,
    607 F.3d 250 (1st Cir 2010) ...............................................................................16

*Sergeants Benevolent Ass'n Health & Welfare Fund v. Sanofi-Aventis U.S. LLP*,
    806 F.3d 71 (2d Cir. 2015) ...........................................................................10, 12

*Shaulis v. Nordstrom, Inc.*,
    865 F.3d 1 (1st Cir. 2017) ..................................................................................20

*UFCW Loc. 1776 v. Eli Lilly & Co.*,
    620 F.3d 121 (2d Cir. 2010) ...............................................................................15

*United Healthcare Servs., Inc. v. United Therapeutics Corp.*,
    2024 WL 1256266 (D. Md. Mar. 25, 2024) ........................................................21

*Vega v. T-Mobile USA, Inc.*,
   564 F.3d 1256 (11th Cir. 2009) ........................................................................19

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011)...................................................................................2, 8

*White v. Symetra Assigned Benefits Serv. Co.*,
   104 F.4th 1182 (9th Cir. 2024) ...........................................................................9

**Statutes**

21 U.S.C. § 360ee(b)(3) ...........................................................................................4

**Other Authorities**

Fed. R. Civ. P. 23 ...................................................................................................8

Fed. R. Evid. 702 ............................................................................................17, 18

**INTRODUCTION**

Plaintiffs in this action allege misleading marketing of a probiotic food product called VSL#3®. The district court certified a nationwide class seeking hundreds of millions in economic damages for alleged violations of RICO and separate classes asserting consumer protection claims under the laws of nine states. The certification decision turned largely on whether Plaintiffs satisfied the predominance requirement of Rule 23(b)(3), and the district court concluded that they did.

That conclusion was erroneous. Because all of Plaintiffs' claims require proof of causation and injury, Plaintiffs cannot proceed on a classwide basis unless they show that they can address these elements through common proof. This is particularly challenging here because "individualized proof of damage causation" is "essential to liability." *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 149 (4th Cir. 2001) (such circumstances "destroy[] predominance"). ███████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████ Such an approach has never been embraced by this Court, which has recognized that Supreme Court precedent "clearly requires such a *factual* showing for each class member to claim damages" that is supported by "evidence."

*Alig v. Rocket Mortg., LLC*, No. 22-2289, 2025 WL 271563, at *8 (4th Cir. Jan. 23, 2025). The class certification order should be reversed for at least three reasons.

**First**, the district court failed to analyze the question of *causation*, a necessary element of Plaintiffs' claims. Rather than performing the "rigorous analysis" that Rule 23 requires, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011), ▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉ That was wrong, and unrebutted evidence showed numerous individualized inquiries are needed to resolve causation.

**Second**, the district court similarly failed to evaluate the question of injury.

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉ But that would not be sufficient to establish *injury* under the law applicable to the majority of the claims for which certification was granted. And even if it were, ▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████      ████████████████████████

Unfinished work cannot satisfy Federal Rule of Evidence 702, yet the district court concluded that these incomplete opinions could support class certification. This Court has never endorsed such an attempt to do an end-run around class-certification and evidentiary requirements, and review is warranted now to make clear that it is impermissible.

*Third*, ████████████████████████████████████████████ ████████████████████████, the district court ignored *Defendants'* voluminous predominance-defeating individualized evidence ██████████████████

████████████████████     ██████████████████████████

██████████████████████████████████████████████████

███████  ███████  ██████  ████  ████████  █████  ████  ███  ██

██████████████████████████████████████████████████

████████████████████████████████████████████

Orders like this one are why Rule 23(f) exists: to correct clear legal errors and to resolve open questions of law before the parties and the courts expend additional resources preparing for a classwide trial. The petition should be granted.

## QUESTIONS PRESENTED

1. Did the district court erroneously find the predominance requirement satisfied with respect to causation, when it wrongly assumed that classwide causation could be assumed if Plaintiffs proved misrepresentations on a classwide basis?

2. Did the district court erroneously certify a class based on speculation that Plaintiffs' experts *might* calculate damages in the future, when those experts had not completed the work that needed to be fully reviewed by the district court as required by Rule 23 and Rule 702?

3. Did the district court erroneously ignore Defendants' individualized evidence on injury, when unrebutted evidence showed that many class members were in fact uninjured and/or lacked standing under RICO?

## BACKGROUND

VSL#3 is a probiotic medical food. *See* 21 U.S.C. § 360ee(b)(3). Plaintiffs filed this lawsuit seeking to represent consumers who purchased VSL#3 from 2016 to 2019. A2. Plaintiffs allege that Defendants changed the formulation of VSL#3 in 2016 yet failed to disclose that change. They contend that after that point, it was

misleading to continue to use the brand name VSL#3 and to refer to clinical studies performed on the pre-2016 formulation related to three specific conditions.  *See* A56-57.  Plaintiffs also allege "performance differences" in the allegedly changed formulation, but their claims are not based on any adverse health effects.  A9.

Discovery confirmed that consumers were not all exposed to the same information about VSL#3, did not purchase the product for the same reasons, and did not have the same experiences with it. The named Plaintiffs' experiences illustrated these differences. ███████████████████████████

███████████████████████████████████████

███████████████████████████ ████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████ █████

███████████████████████████████████████

██████████ ██████████████████ █████████████

███████████████████████████████████████

████████████████████████████████████████████████████

████████████████████

The district court certified a nationwide class to pursue RICO claims and nine individual state classes to pursue claims for breach of warranty, unjust enrichment, and violation of various state consumer protection laws. A30-31. The focus of the briefing was whether Plaintiffs carried their burden to demonstrate predominance under Rule 23(b)(3) as it applies to the causation and injury elements of Plaintiffs' claims.

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████ ████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████ ███████ ████████████

███████████████████████████████████████████

██████████████████████████████████████████

## REASONS FOR GRANTING THE PETITION

A class action threatens defendants with the possibility of losing many cases at once. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 350 (2011). For that reason, class certification "can unfairly 'place pressure on the defendant to settle even unmeritorious claims,'" *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1632 (2018) (cleaned up)—a pressure that is magnified in treble-damages cases like this one. Federal Rule of Civil Procedure 23(f) combats these concerns by allowing immediate review of decisions that certify a class.

This Court embraces a sliding-scale, five-factor test to determine whether to grant a Rule 23(f) petition. The Court considers whether the class certification order (1) "contains substantial weakness" or (2) involves "the resolution of an unsettled legal question of general importance." *EQT Prod. Co. v. Adair*, 764 F.3d 347, 356-57 (4th Cir. 2014). The inquiry also considers (3) whether the class certification order is "likely dispositive of the litigation," (4) "the nature and status of the [district

court] litigation," and (5) "the likelihood that future events will make appellate review more or less appropriate." *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 144 (4th Cir. 2001). These factors are considered "on a sliding scale … such that the stronger the case that class certification was a clear abuse of discretion, the weaker a showing is needed on the other factors to gain review." *Id.* (internal quotation marks omitted). This case easily satisfies this standard.

# I. THE DISTRICT COURT'S PREDOMINANCE RULING CONTAINS MULTIPLE FUNDAMENTAL ERRORS.

Class certification is not permitted unless Plaintiffs prove that "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). This is a "demanding" requirement. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997).

████████████████████████████████████████

████████████████████████ ███████  The district court's ██████████
██████████████████████ suggests it incorrectly treated Rule 23 as "a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). But district courts must "probe behind the pleadings," *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013), and "perform a rigorous analysis" of the evidence submitted by the parties to determine whether common issues truly predominate over individual ones, *EQT Prod.*, 764 F.3d at 358.

Plaintiffs thus had the burden of satisfying, with evidence, each element of Rule 23. *Id.* at 357. This included the burden of demonstrating an ability to show with common evidence that all class members suffered actual injury caused by the challenged conduct. In a suit alleging a misrepresentation, that requires evidence demonstrating exposure to—and, for many causes of action including the nationwide RICO, some kind of reliance upon—the challenged statement. The district court's decision largely bypassed these critical elements of the claims and ignored the extensive record evidence showing that individualized issues predominate on these questions.

## A. The District Court Ignored Individualized Issues of Causation.

All of Plaintiffs' claims require them to prove that Defendants engaged in conduct that caused them harm. *See, e.g.*, *Holmes v. Sec. Inv. Prot. Corp.*, 503 U.S. 258, 268 (1992) (RICO); *White v. Symetra Assigned Benefits Serv. Co.*, 104 F.4th 1182, 1193 (9th Cir. 2024) (unjust enrichment); *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 601 n.8 (3d Cir. 2012) (warranty); *see also* A269-270 (collecting cases relevant to Plaintiffs' other claims). Merely showing the existence of an alleged misrepresentation is not enough because "misrepresentations standing alone have little legal significance." *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 665 (9th Cir. 2004).

A showing of causation in a case of this type typically requires a showing of reliance: each class member must prove that someone—such as the consumer or the healthcare professional who recommended VSL#3 to that consumer—was exposed to and affected by the alleged misrepresentation. *See, e.g.*, *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 656-58 (2008) (RICO requires "*someone's* reliance on the [alleged] misrepresentation" and the plaintiff will not be able to establish even but-for causation if "no one relied on the misrepresentation").[1] Put simply, "if the person who was allegedly deceived by the misrepresentation … would have acted in the same way regardless of the misrepresentation, then the misrepresentation cannot be a but-for, much less proximate, cause of the plaintiffs' injury." *Sergeants Benevolent Ass'n Health & Welfare Fund v. Sanofi-Aventis U.S. LLP*, 806 F.3d 71, 87 (2d Cir. 2015) (affirming denial of certification in RICO case). The need to prove reliance "almost inevitably … requires an individualized inquiry." *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 435 (4th Cir. 2003).

███████████████████████████████████████████

███████████████████████████████████████████

---

[1] *See also, e.g.*, *Overstreet v. Norden Lab'ys, Inc.*, 669 F.2d 1286, 1291 (6th Cir. 1982) (Kentucky requires showing warranty "relied upon as one of the inducements for purchasing the product."); *Pershouse v. L.L. Bean, Inc.*, 368 F. Supp. 3d 185, 190 (D. Mass. 2019) (Massachusetts warranty claim requires "some minimum of reliance.").

These legal errors are subject to *de novo* review, which should be granted to correct them now. Under the correct legal standard, Plaintiffs had the burden of proving, not simply alleging, an ability to establish with common evidence all required elements of their claims, including that Defendants' alleged misrepresentations in fact "induced" class members to purchase VSL#3. Absent

such common evidence, "individual issues then would overwhelm the common ones, making certification under Rule 23(b)(3) inappropriate." *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 268 (2014) (cleaned up); *see also Sergeants*, 806 F.3d at 90-97 (individual issues predominated in RICO prescription drug class action where individual inquiries were necessary to determine causation and reliance); *Poulos*, 379 F.3d at 665-66 (need for "individualized showing[s] of reliance" defeated predominance in RICO class action because reliance was "a milepost on the road to causation").

A proper analysis of the unrebutted evidence, including the testimony of Plaintiffs and their physicians, confirms the alleged misrepresentations were irrelevant to many, if not most, class members. That conclusion precludes any finding of classwide causation. Three examples illustrate why.

***First***, not all class members were even exposed to the alleged misrepresentations, and many did not rely on them. *See, e.g.*, *Blough v. Shea Homes, Inc.*, 2014 WL 3694231, at *12 (W.D. Wash. July 23, 2014) (denying certification in part because of "diverse … exposure to [defendant's] advertisements, and level of knowledge … at the time of purchase"). ██████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

**Second**,

**Third,**

*See Hudock v. LG Elecs. U.S.A., Inc.*, 12 F.4th 773, 777 (8th Cir. 2021) (denying class certification in case alleging misrepresentation regarding television refresh rates where evidence showed that "refresh rate was immaterial in some purchases, or to some consumers").



Plaintiffs did not claim they could offer common proof that could answer these and other critical causation and reliance questions on a classwide basis. That should have "destroy[ed] predominance," and the district court erred by holding otherwise. *Lienhart*, <u>255 F.3d at 149</u>.

**B.** **The District Court Wrongly Certified a Class** ▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉**, an Approach This Court Has Never Endorsed.**

As this Court reiterated only a few weeks ago, all class members must be able to prove they suffered an injury, both to prevail on their claims as well as to satisfy Article III's injury-in-fact requirement. *See Alig*, <u>2025 WL 271563</u>, at \*6-7; *see also* A286-289. And "to pursue their claims as a class … the putative class must be able

to prove its theory of injury through generalized proof." *UFCW Loc. 1776 v. Eli Lilly & Co.* ("*Zyprexa*"), 620 F.3d 121, 131-32 (2d Cir. 2010).



See, e.g., *Zyprexa*, 620 F.3d at 133 (rejecting similar "excess price theory" as "not susceptible to generalized proof with respect to either

but-for or proximate causation"); *Rule v. Fort Dodge Animal Health, Inc.*, 607 F.3d 250, 253 (1st Cir 2010) (claim that "the product was 'in reality' worth less than she paid for it" does not suffice to prove injury); *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 163 (Ill. 2002) (rejecting price-premium based "market theory of causation" where plaintiff did not "allege that he saw, heard or read any of defendant's ads").

████████████████████████████████████████

████████████████ ████████████████████████

██████████████████████████ This falls far short of this Court's direction that Plaintiffs must make "a *factual* showing for each class member to claim damages" that is supported by "evidence." *Alig*, 2025 WL 271563, at *8.

████████████████████████████████████████

████████████████████████ ██████████ ██████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████

In blessing this maneuver, ███████████ the district court wrongly permitted Plaintiffs to evade the scrutiny mandated by Rule 702 and *Comcast*. Rule 702 requires, among other things, that an expert's opinion be "based on sufficient facts or data" and "reflect[] a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702(b), (d). And as the Supreme Court explained in *Comcast*, Rule 23 independently requires courts to determine whether an expert's proffered damages model "measure[s] only those damages attributable to" the plaintiffs' theory of liability, and thus whether "damages are susceptible of measurement across the entire class for purposes of Rule 23(b)(3)." 569 U.S. at 35 (cleaned up).

This Court has never sanctioned the circumvention of these requirements that occurred here. To the contrary, this Court has made clear that to obtain class certification, plaintiffs must "present evidence that the putative class complies with Rule 23." *EQT Prod. Co.*, 764 F.3d at 357; *see also Parko v. Shell Oil Co.*, 739 F.3d

1083, 1087 (7th Cir. 2014) (rejecting view that "it [is] enough at this stage that the plaintiffs *intend* to rely on common evidence and a single methodology to prove both injury and damages"); *In re Rail Freight Fuel Surcharge Antitrust Litig.-MDL No. 1869*, 725 F.3d 244, 253 (D.C. Cir. 2013) (where "models are essential to the plaintiffs' claim they can offer common evidence of classwide injury," then "[n]o damages model" means "no predominance" and thus "no class certification").

The promises to perform future work that the district court accepted here are too threadbare to allow a court to evaluate whether Rule 702 is satisfied, much less to conduct the "rigorous analysis" Rule 23 requires. To be sure, this Court has not spoken on exactly how much work an expert must perform at the class certification stage to enable the required "rigorous analysis." The "unsettled" nature of this question is yet another reason to grant review. *EQT Prod.*, 764 F.3d at 357 (cleaned up).

Whatever test this Court adopts, it should be self-evident that a court cannot evaluate whether a methodology has been "reliabl[y] appli[ed]," Fed. R. Evid. 702(d), if the expert has not applied it at all. Nor can a court determine whether a methodology is "based on sufficient facts or data," Fed. R. Evid. 702(b), when an expert merely hopes to rely on as-yet-nonexistent findings of a different expert. Even in a Circuit that permits something less than a full implementation of an expert's model at the class certification stage, "[m]erely gesturing at a model or

describing a general method will not suffice," *Lytle v. Nutramax Lab'ys, Inc.*, <u>114 F.4th 1011, 1032</u> (9th Ci<u>r. 2024</u>), because such gestures do not allow the court to conduct the careful review *Comcast* requires.

The district court's acceptance of Plaintiffs' speculation that they could generate satisfactory common proof in the future creates perverse incentives for parties to evade Rule 702 and *Comcast* by merely postponing the expert work the court is supposed to examine. Immediate review is warranted to confirm that this is not permissible.

### C. The District Court Ignored Other Individualized Issues Related to Injury.

Even if Plaintiffs' incomplete expert analysis were adequate common proof of damages —and it is not—the district court wrongly ignored Defendants' evidence that the vast majority of class members did not suffer any injury. The predominance analysis must account for not just what Plaintiffs claim they can prove, but also what Defendants show that evidence *cannot* prove. *See Lienhart*, <u>255 F.3d at 149</u> (reversing class certification where defendants identified issues where individualized inquiry is required); *Vega v. T-Mobile USA, Inc.*, <u>564 F.3d 1256, 1274</u> (11th Ci<u>r. 2009</u>) ("[C]ommon questions will rarely, if ever, predominate an unjust enrichment claim, the resolution of which turns on individualized facts."). This Court has reversed class certification where the defendant's "affirmative defenses are not without merit and would require individualized inquiry in at least some

19

cases," and it should do the same here. *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 438 (4th Cir. 2003).

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████ *See, e.g. Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 12 (1st Cir. 2017) (no injury where plaintiff failed to "identify any bargained-for characteristic of the [product] that she has not received"). ██

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████ Plaintiffs did not—and cannot—offer any common proof capable of separating uninjured class members from injured ones. That defeats predominance.

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████████████████ As every

federal appellate court to have considered the question has held, indirect purchasers are barred as a matter of law from recovering under RICO. *See United Healthcare Servs., Inc. v. United Therapeutics Corp.*, 2024 WL 1256266, at \*9 (D. Md. Mar. 25, 2024) (collecting decisions from the Third, Sixth, and Seventh Circuits, and noting that "the Fourth Circuit has signaled that it" follows this approach as well); *see also* A308-309. ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████ This Court should grant review to confirm its prior "signal" that it agrees with other circuits that apply the direct purchaser requirement to civil RICO claims.

## II. THE REMAINING FACTORS ALSO FAVOR REVIEW NOW.

The remaining factors this Court considers in assessing Rule 23(f) petitions all further support granting review.

This case gives this Court the opportunity to clarify the law on at least two important legal questions: (1) the extent to which plaintiffs can satisfy their burden under Rule 23 with a mere promise, rather than the actual completion, of admissible expert testimony and (2) application of the direct-purchaser rule to civil RICO claims.

There is no reason for delay. No further factual development will occur that might clarify the issues presented because fact discovery is closed. Nor is there any indication that the district court might reconsider its ruling or that any other developments could occur in the future (short of a defense verdict or settlement) that might obviate the need for review. *See Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1276 (11th Cir. 2000) ("Also significant is whether the district court itself has indicated that it views its class certification decision as conditional …."). Accepting this appeal now will save the district court and the parties from the further burden of preparing for a nationwide, classwide trial that may never be necessary if this Court reviews the class certification order now.

Moreover, given the substantial risks facing both sides, class actions rarely proceed to trial. That risk is heightened here, where Defendants are faced with a nationwide RICO class ████████████████████████████ ████████████████████████████████████████████ ███████████████ In these circumstances, even the most committed defendants facing the weakest claims are confronted with overwhelming financial pressure. *See, e.g.*, *Epic Sys.*, 138 S. Ct. at 1632.

This situation is exactly what Rule 23(f) was created to solve. The class certification ruling here suffers from numerous errors and presents questions that

affect all class actions litigated in this circuit.  This Court should correct these errors now, or it may never get the chance to do so.

**CONCLUSION**

The petition should be granted, and the class certification order should be reversed.

Dated: February 11, 2025

Respectfully submitted,

/s/ Andrew Soukup
Andrew Soukup
Sarah Harrington
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-6000
asoukup@cov.com
sharrington@cov.com

Lydia Ferrarese
Mark A. Weissman
OFFIT KURMAN PA
590 Madison Avenue, 6th Floor
New York, New York 10022
Telephone: (212) 545-1900
Fax: (212) 545-1656
lydia.ferrarese@offitkurman.com
mark.weissman@offitkurman.com

Eric Pelletier
OFFIT KURMAN PA
7501 Wisconsin Ave Suite 1000W
Bethesda, Maryland 20814
Telephone: (240) 507-1700
eric.pelletier@offitkurman.com

*Counsel for Alfasigma USA, Inc.*

John H. Beisner
SKADDEN ARPS SLATE MEAGHER AND
FLOM LLP
1440 New York Ave., NW
Washington, DC 20005
Telephone: (202) 371-7000

john.beisner@skadden.com

Zachary W. Martin
SKADDEN ARPS SLATE MEAGHER AND
FLOM LLP
500 Boylston St.
Boston, MA 02116
Telephone: (617) 573-4800
zachary.martin@skadden.com

*Counsel for Leadiant BioSciences, Inc.*

Turner A. Broughton
WILLIAMS MULLEN
200 South 10th Street (23219)
P.O. Box 1320
Richmond, VA  23218-1320
Telephone: (804) 420-6000
tbroughton@williamsmullen.com

*Counsel for VSL Pharmaceuticals, Inc.*

# CERTIFICATE OF COMPLIANCE

This petition complies with the type-volume limitation of Federal Rules of Appellate Procedure 5(c)(1) and 32(c) because it contains 5,125 words, excluding the parts of the petition exempted by Federal Rule of Appellate Procedure 32(f).

This petition complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared using Microsoft Word in 14-point Times New Roman font.

Dated: February 11, 2025                              Respectfully submitted,


                                                     */s/ Andrew Soukup*
                                                     Andrew Soukup

                                                     *Counsel for Alfasigma USA, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2024, a true and correct copy of the foregoing petition was filed electronically with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system. Pursuant to Federal Rule of Appellate Procedure 25(c), I made service of this petition and accompanying documents via email on the following counsel:

Edward F. Haber
Ian J. McLoughlin
Michelle Blauner
Patrick J. Vallely
SHAPIRO HABER & URMY LLP
ehaber@shulaw.com
imcloughlin@shulaw.com
mblauner@shulaw.com
pvallely@shulaw.com

Jeffrey Samuel Gavenman
Jeremy W Schulman
SCHULMAN BATTACHARYA, LLC
jgavenman@schulmanbh.com
jschulman@schulmanbh.com

Respectfully submitted,

*/s/ Andrew Soukup*
Andrew Soukup

*Counsel for Alfasigma USA, Inc.*